UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRICKLAYERS OF WESTERN PENNSYLVANIA PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>HECLA MINING COMPANY, *et al.*,<br><br>    Defendants. | Case No. 2:12-cv-00042-BLW<br>Case No. 2:12-cv-00067-BLW<br><br>**ORDER** |
| JOSEPH S. VITA 2001 REVOCABLE TRUST and JOSEPH S. VITA IRA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>HECLA MINING COMPANY, *et al.*,<br><br>    Defendants. | |

## INTRODUCTION

  The Court has before it several motions to consolidate and for appointment of lead

plaintiff and lead counsel in the above captioned matters. Defendants do not oppose the motions.

## ANALYSIS

**1.     Motions to Consolidate**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Federal Rule of Civil Procedure 42(a) states that the Court may consolidate actions if they "involve a common question of law or fact. . . ." Fed. R. Civ. P. 42(a)(2).

Here, Plaintiffs state that the claims in the two cases involve common questions of both fact and law. Plaintiffs explain that both complaints assert claims on behalf of investors who were allegedly defrauded by Hecla and certain company officers or directors. The two complaints allege substantially the same wrongdoing – that defendants artificially inflated Hecla's stock. Defendants do not dispute that there are common questions of fact and law.

Under these circumstances, the Court will grant the motions to consolidate. The two cases shall be consolidated, with Case No. 2:12-cv-00042-BLW as the lead case. All future filings shall be made in Case No. 2:12-cv-00042-BLW.

**2.     Motions to Appoint Lead Plaintiffs**

Several plaintiffs have filed motions to appoint themselves as lead plaintiffs in this

**ORDER - 2**

matter. Before addressing those motions, the Court will schedule a status conference with plaintiffs' counsel to discuss the following: (1) whether the plaintiffs have reached any sort of agreement about who should be lead plaintiff based on the pending motions; (2) whether the plaintiffs believe they need to file additional briefs or be heard at oral argument rebutting the other plaintiffs' requests to be appointed lead plaintiff; (3) whether discovery relating to whether a member of the purported plaintiff class is the most adequate plaintiff should be conducted; (4) whether a hearing on these matters is necessary; and (5) any other matters related to appointment of lead plaintiff and lead counsel which the plaintiffs believe should be discussed.  Accordingly, the Court will set this case for a status conference.

## ORDER

**IT IS ORDERED:**

1. The motions to consolidate are **GRANTED**. The two cases shall be consolidated, with Case No. 2:12-cv-00042-BLW as the lead case. All future filings shall be made in Case No. 2:12-cv-00042-BLW

2. A telephone status conference for the purpose of discussing the matters listed above shall be held on **Tuesday, April 24, 2012, at 11:00 a.m.** The parties shall use the following call in information for the conference: Dial in number 1-877-336-1828; Access Code 4685496; Security Code 9466. Counsel for Defendants may, but are not required, to attend the status conference. All plaintiffs with a pending motion to appoint lead plaintiff

and lead counsel must be represented at the conference.

DATED: **April 17, 2012**

B. LYNN WINMILL
Chief U.S. District Court Judge

**ORDER - 4**